# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DELANEY WILLIAMS,**

              Plaintiff,

v.                        **Case No. 16-cv-1318-pp**
                                 **Case No. 16-cv-1319-pp**
                                 **Case No. 16-cv-1320-pp**

**KURT MIKUTIS, et al.,**

              Defendants.

---

## ORDER ALLOWING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT SO THAT HE MAY CONSOLIDATE HIS RELATED CLAIMS AND DEFENDANTS IN A SINGLE LAWSUIT

---

<u>The Plaintiff's Motions to Consolidate Three Lawsuits</u>

On October 3, 2016, the plaintiff, who is representing himself, filed three complaints, which the clerk of court designated as Case Nos. 16-cv-1318, 16-cv-1319, and 16-cv-1320. On October 24, 2016, the plaintiff filed an identical motion in all three cases. The motion asks the court to consolidate the three cases into a single case. The plaintiff explains that all of the defendants work for the same institution, and he wants to consolidate the cases to avoid a duplication of efforts and to promote judicial economy and efficiency. <u>See</u>, <u>e.g.</u>, Case No. 13-cv-1318, Dkt. No. 10.

Under Federal Rule of Civil Procedure 18, a plaintiff may assert numerous unrelated claims against a single defendant. In other words, if the plaintiff has three claims against defendant X, he does not need to file three

1

different cases; he can file all of his claims in a single case, even if the claims against that defendant do not arise out of the same events or circumstances or do not have anything in common with one another.

Under Fed. R. Civ. P. 20(a)(2), a plaintiff may name multiple defendants in a single lawsuit if his claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." In other words, a plaintiff can sue defendants X, Y, Z in the same case if the defendants all were involved in the same alleged event(s) and if the questions of law or fact that the court will decide apply to all of the defendants.

What a plaintiff may *not* do is sue different defendants on unrelated claims in a single case. As the Court of Appeals for the Seventh Circuit has cautioned, "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The court briefly reviewed the three complaints that the plaintiff wishes to consolidate. The defendant has sued two (2) of the same defendants in all three lawsuits: Guard Becker and Robert Croecker (or Croker—the plaintiff spells the name differently in different cases). The court will refer to these defendants as the "core defendants." Under Fed. R. Civ. P. 18, the plaintiff may pursue as many claims as he believes he has against the core defendants in a single lawsuit.

2

In addition, under Fed. R. Civ. P. 20, the plaintiff may name *additional* defendants if they were involved in the events that gave rise to any of his claims against the core defendants. The plaintiff has sued twelve (12) defendants in two out of the three lawsuits: Kurt Mikutis, Denise Jarvella (or Jarvela), John Giannini, Nate Knutz, Guard Joe, Denise Molitor-Haney, Carlos Gerena, Denise Bell, C. Fernandez, and David G. Beth. The remaining defendants—Darron Newton; Guard LaHare; Camron; Kenosha Visiting Community Care, Inc.; Advance Correctional Healthcare; Nurse Jane Doe #1; Nurse Jane Doe #1; Nurs Jane Doe #3; Debra Hertzberg; Jim Kreuser; Robert Hallisy; Norman R. Johnson; Shawn Zwirgzdas; Carol Oneal; Allan K. Kehl; and Lattare—appear to have been named in only one of the suits (although 16-cv-1319 and 16-cv-1320 both involve a Nurse Doe #1 and a Nurse Doe #2). If these defendants were involved in any of the events that gave rise to the claims the plaintiff has raised against the core defendants, he may add them.

To make things easier for both the parties and the court, the court is going to allow the plaintiff to file an amended complaint in Case No. 16-cv-1318. The plaintiff should include in that amended complaint all of the claims the plaintiff believes he has against the core defendants, and should name any additional defendants who were involved in the events that gave rise to his claims against the core defendants. The plaintiff should be careful not to name additional defendants who had no involvement in the events giving rise to claims against the core defendants. Such claims would be "unrelated," and

3

under the rules, he cannot sue those "unrelated" defendants in the same suit with related defendants.

Because the court is giving the plaintiff the opportunity to file an amended complaint in Case No. 16-cv-1318 that incorporates all of his related claims and defendants, the court will deny his motions to consolidate. If the plaintiff chooses to file an amended complaint and is able to properly join all of his claims from Case Nos. 16-cv-1319 and 16-cv-1320 into Case NO. 16-cv-1318, the plaintiff then should file, in Case Nos. 16-cv-1319 and 16-cv-1320, motions to voluntarily dismiss those two cases. See Fed. R. Civ. Pro. 41 (a plaintiff may voluntarily dismiss an action without a court order if he files a notice of dismissal before the opposing party serves an answer or motion for summary judgment).

If, on the other hand, there are claims or defendants in those two cases that the plaintiff cannot properly join in his amended complaint in Case No. 16-cv-1318, the plaintiff will also have to file amended complaints in Case Nos. 16-cv-1319 and 16-cv-1320. In those amended complaints, he may bring only the claims he couldn't bring in Case No. 16-cv-1318, and may name only those defendants he could not join in Case No. 16-cv-1318. The court will set the deadlines for filing these amended complaints at the end of this order.

The Plaintiff's Motions to Proceed without Prepayment of the Filing Fee

Because the plaintiff was a prisoner when he filed his lawsuits, the Prison Litigation Reform Act (PLRA) applies. The PLRA allows a prisoner plaintiff to proceed with a lawsuit without prepaying the case filing fee, as long

4

as he meets certain conditions. One of those conditions is that he pay an initial partial filing fee. 28 U.S.C. §1915(b).

The court entered an order in each of the three cases requiring the plaintiff to pay an initial partial filing fee. In all three cases, the plaintiff responded with a motion asking the court to waive the initial partial filing fee. Despite these motions, the plaintiff then paid the initial partial filing fee in Case Nos. 16-cv-1318 and 16-cv-1319. The plaintiff has not paid the initial partial filing fee in Case No. 16-cv-1320.

Once a plaintiff pays an initial partial filing fee, the court usually screens the plaintiff's complaint pursuant to 28 U.S.C. §1915A and decides whether to grant his motion to proceed without prepayment of the filing fee. If the court grants that motion, it then orders the plaintiff to pay the remainder of the fee over time.

Here, based on the court's decision to allow the plaintiff to amend his complaint in Case No. 16-cv-1318, and based on the possibility that he may be able to bring many (if not all) of his claims in a single case, it is premature for the court to require the plaintiff to pay the $350 filing fee for three different cases. Instead, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee only in Case No. 16-cv-1318. Given that he has already paid the initial partial filing fees in Case Nos. 16-cv-1318 and 16-cv-1319, the court will deny his motions to waive those fees as moot. The court will defer ruling on the plaintiff's motions to proceed without prepayment of the

5

filing fee in Case Nos. 16-cv-1319 and 16-cv-1320 until the plaintiff either files notices of voluntary dismissal or amended complaints.

**ORDER**

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee in Case No. 16-cv-1318 (dkt no. 2). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $348.69 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Please identify the payments by the case name (<u>Williams v. Mikutis</u>) and number (16-cv-1318) assigned to this action.

The court **DEFERS RULING** on the plaintiff's motions to proceed without prepayment of the filing fee in Case No. 16-cv-1319 (dkt. no. 2) and Case No. 16-cv-1320 (dkt. no. 2).

The court **DENIES AS MOOT** the plaintiff's motions to waive the initial partial filing fee in Case No. 16-cv-1318 (dkt. no. 6) and Case No. 16-cv-1319 (dkt. no. 5).

The court **DEFERS RULING** on the plaintiff's motions to waive the initial partial filing fee in Case No. 16-cv-1320 (dkt. nos. 6, 12).

The court **DENIES** the plaintiff's motions to consolidate Case No. 16-cv-1318 (dkt. no. 10); Case No. 16-cv-1319 (dkt. no. 8); and Case No. 16-cv-1320 (dkt. no. 10).

The court **ORDERS** that the plaintiff may file amended complaints in Case Nos. 16-cv-1318, 16-cv-1319, and/or 16-cv-1320 by the end of the day on **March 10, 2017.** The plaintiff must send the amended complaint(s) in time for the court to receive them by March 10, 2017.

The court also **ORDERS** that, if the plaintiff determines that he no longer wants to pursue one or more of these three cases (because he is pursuing his claims in other lawsuits), he must file a notice of voluntary dismissal in any case he wants to dismiss by **March 10, 2017**. The plaintiff needs to send the motion(s) in time for the court to receive them by the end of the day on March 10, 2017. If the court does not receive an amended complaint or a notice of voluntary dismissal in each of Case Nos. 16-cv-1318, 16-cv-1319, and/or 16-cv-1320, the court may assume that the plaintiff no longer wishes to pursue that lawsuit, and may dismiss the lawsuit pursuant to Civil L.R. 41(c).

The court further **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

If the plaintiff fails to file any of the above documents in time for the court to receive them by the deadlines stated above, the court may dismiss the case in which he failed to file the document for failure to prosecute. In addition, the parties must notify the clerk of court of any change of address; otherwise, the delivery of orders or other information may be untimely, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 8th day of February, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**